

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 14-21006-GLT |
| | : | Chapter: 13 |
| Nicholas M. Sciulli | : | |
| Terry E. Sciulli | : | |
| | : | Date: 3/13/2019 |
| Debtor(s). | : | Time: 11:30 |

## PROCEEDING MEMO

**MATTER:** Status Conference:
    # 69 - Motion for Status Conference filed by the chapter 13 trustee
    # 78 - Response filed by Jeffrey Golembiewski, Esq.

**APPEARANCES:**

    Debtor:    Jeffrey S. Golembiewski & Justin Schantz
    Trustee:    Kate DiSimone
    Shephard:    Steven Petramale
    U.S. Trustee    Norma Hildenbrand

**NOTES:**

Schantz: Attorney Golembiewski is in the process of winding down his law practice, and my firm has agreed to manage his cases going forward. We are reaching out to all of Attorney Golembiewski's clients to determine if they wish to remain with our firm or seek independent counsel. Our communications state as a default that if we do not receive any response we will continue handling their cases until we are instructed otherwise to prevent clients from being effectively abandoned. We will basically be acting as a steward of the cases we are inheriting, without asking for fees above or beyond what was initially agreed to by the debtors.

Court: Does that include cases where the no-look fee has already been paid and no additional compensation would be expected?

Schantz: That is correct, and I believe in fact that most of these cases have already had the no-look fee paid. There are additional cases in front of Judge Agresti, and I am planning on meeting with the trustee to prepare responses for those cases as well. We have sent communications to all of Attorney Golembiewski's clients that we have been able to identify.

Court: What is the time period for a response from the clients?

Schantz: We have indicated two weeks. We have been working with the trustee and the U.S. trustee about how best to handle the withdrawal and substitution of appearances. I am considering a miscellaneous proceeding.

Court: A time period of 30 days is a more reasonable expectation. Within that time period, I would expect to have clarity on who will be representing these debtors, whether it is your office or other counsel.

Hildenbrand: There are approximately 46 open cases filed by Attorney Golembiewski. He intends to work through Mr. Colecchia's office to get as many of these older cases closed as he can. We do not know how many remaining cases there will be that will need to be transferred afterwards.

Court: How do you plan to address the issues with the Shepherd case?

Schantz: We intend to reach out to the Shepherds soon and determine how best to move forward. Proposed counsel for the debtors on the worker's compensation action is present. but I have not been able to speak with him yet. He is ready to

approve a settlement on that front. We can hopefully have these motions resolved within 30 days.

Petramale: We are prepared to make an oral motion to be appointed as special counsel and have the worker's compensation settlement approved.

Court: The Court will not hear an oral motion at this time, but it is amenable to the filing of an expedited motion. The Shepherd matter is representative of some of the Court's more serious concerns, implicating a lack of communication with clients altogether. Do the parties have contact information for all the parties that need to be contacted?

Schantz: We are working our way through letters and phone contact at present.

Court: The Court especially emphasizes the need to immediately contact the debtors in the Shepherd, Sisley, Anderson, and Bujanowski matters, given the circumstances in those cases. The Court expects updates on those cases as soon as possible.

Schantz: We are actively attempting to reach out to those four debtors, but we have been unsuccessful so far. We will continue doing so.

Hildenbrand: We have been in communication with Attorney Golembiewski to ensure that there is an orderly and efficient process in place to get representation for these debtors on the same terms they agreed to.

DiSimone: The chapter 13 trustee shares those same concerns and has been working towards addressing them.

Court: The response to the order to show cause issued in the Lanza case indicates that all efforts to reach Mr. Lanza have been unsuccessful, despite the fact that the only outstanding requirements was the filing of a certification of discharge eligibility and the completion of a financial management course. Is that still the case?

Golembiewski: It is. We have not been able to reach him or any of his family.

*OUTCOME:*

1. On or before April 10, 2019, Debtors shall file a motion to substitute counsel in all cases where new counsel intends to replace Attorney Golembiewski. In addition, substitute counsel must file a Rule 2016 Statement and declare the terms of any prospective fee arrangements (where necessary) (Chambers to Prepare).

2. On or before April 10, 2019, Counsel shall file a status report in any GLT case involving Attorney Golembiewski where Debtors have not filed a motion to substitute counsel. All such cases shall be scheduled for a status conferences on April 24, 2019 at 11:00 a.m. where the Debtors shall personally appear and indicate who they will retain to represent them on a going-forward basis (Chambers to Prepare).

3. On or before March 27, 2019, Counsel shall file status reports in the cases of Shepherd, Sisley, Anderson, and Bujanowski indicating the posture of the cases (Chambers to Prepare)

4. The Orders to Show Cause in the Schmadel and Lanza cases are vacated (Text order to issue).

5. Status conferences shall be scheduled for April 24, 2019 at 11:00 a.m. for any remaining unresolved issues (Chambers to Prepare).

**DATED:** 3/13/2019